IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODY PATNESKY, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA BOARD OF PAROLE ) <br> and SUPERINTENDANT KLINEFELTER, ) <br> ) <br>     Respondents. ) | Civil Action No. 3:22-208 <br><br> Magistrate Judge Patricia L. Dodge |

## MEMORANDUM

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 1) filed by Cody Patensky ("Petitioner") under 28 U.S.C. § 2254 in which he challenges the decision of the Pennsylvania Board of Probation and Parole ("Board") not to release him on parole. For the reasons set forth below, the Court will dismiss the Petition because it is moot and deny a certificate of appealability.

**I.      Relevant Background**

In 2014, Petitioner was sentenced to 9 months to 2 years of incarceration for Violation of Probation-Unauthorized Use of Automobiles. His minimum sentence date was March 7, 2022 and his maximum sentence date was June 7, 2023. (Resp's Ex. A.)

As Petitioner neared his minimum sentence date, the Board issued a decision giving him an unexecuted conditional grant of parole pursuant to 61 Pa. Cons. Stat. § 6137.1. (Resp's Ex. B.) Before Petitioner was released to parole, the Board rescinded that decision because Petitioner failed a drug test. (Resp's Ex. C.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Several months later, the Board evaluated Petitioner for parole again. It denied him parole for several reasons, including because it determined that he needed to participate in and complete additional institutional programs and had committed misconducts. The Board also considered Petitioner's risk and needs assessment, a negative recommendation made by the Pennsylvania Department of Corrections ("DOC") and his prior unsatisfactory supervision history. (Resp's Ex. D.)

Petitioner then filed the instant Petition for a Writ of Habeas Corpus with this Court in which he alleges that the Board violated his right to due process when it rescinded the unexecuted conditional grant of parole and later when it denied him parole. (ECF 1.) When he filed the Petition, the DOC was housing him at SCI Houtzdale. As relief, Petitioner sought an order from this Court directing that he be immediately released from confinement.

Respondents have filed an Answer in which they assert that Petitioner is not entitled to habeas relief because the Board did not violate his due process rights. (ECF 7.) However, for the reasons explained below, because Petitioner's maximum sentence expired on June 7, 2023 and he was released from custody on that date his Petition is moot.[2]

**II.     Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as

---

[2] Petitioner has not updated his address of record, which is still listed as SCI Houtzdale. Thus, it appears that he is no longer interested in litigating this habeas case. In a prior order, the Court advised Petitioner that he is under a continuing obligation to notify the Court of any change of address. (ECF 5.)

required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). That is the case here. Petitioner served his full prison term as of June 7, 2023 and he is no longer in custody. There is therefore no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

**III.   Certificate of Appealability**

The Antiterrorism and Effective Death Penalty Act of 1996 AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that all of his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. Conclusion

Based on all of the foregoing, the Court will dismiss the Petition because it is moot and deny a certificate of appealability. An appropriate Order follows.


Dated:  September 15, 2023               /s/ Patricia L. Dodge
                                         PATRICIA L. DODGE
                                         United States Magistrate Judge